IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-106-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ZACKARY ROBERT LULL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for production of favorable and impeaching evidence [DE 30], motion for notice of intention to use 404(b) evidence [DE 31], and motion for sequestration of government witnesses [DE 32]. For the reasons stated herein, the motion for sequestration is GRANTED IN PART and DENIED IN PART, and the other motions are DENIED.

## BACKGROUND

On May 3, 2014, defendant Zackary Lull was named in a criminal complaint charging possession with the intent to distribute a quantity of cocaine and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) and using and carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c). The Grand Jury indicted defendant on the same two charges on June 4, 2014. On October 10, 2014, defendant filed the instant motions. [DE 30–32].

## DISCUSSION

The Court DENIES defendant's motion for production of favorable and impeaching evidence. The government is already obligated to disclose to defendant and his counsel all favorable evidence and the existence of any payments, promises, plea agreements, immunity,

leniency, or preferential treatment made to prospective witnesses in this case pursuant to the Due Process Clause of the Fifth Amendment, *United States v. Giglio*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). Defendant's request for such evidence is noted, but defendant's motion gives no indication that the government failed to meet its obligations here. Accordingly, a court order is unnecessary and the motion is denied.

The Court also DENIES defendant's motion for notice of intent to use Rule 404(b) evidence. As the government acknowledges in its response, the government is required to provide reasonable notice of its intent to use evidence of a defendant's prior bad acts under Rule 404(b). *See* FED. R. EVID. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."). In its response, the government acknowledges its obligations and states that it will provide the requisite notice. As such, a court order is unnecessary at this time and the motion is denied.

The Court GRANTS IN PART and DENIES IN PART defendant's motion for sequestration. In his motion for sequestration, defendant first asks that all witnesses be sequestered from hearing others' testimony for the duration of defendant's trial pursuant to FED. R. EVID. 615 and *United States v. Farnham*, 791 F.2d 331 (4th Cir. 1995). Rule 615 provides for the exclusion of witnesses, at the request of a party, as a matter of right. *Farnham*, 791 F.2d at 334. The government's investigating agent may be exempted from sequestration, *see United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)..

The government does not object to the issuance of a sequestration order, but requests that its investigating agent be exempted pursuant to Rule 615 and that any such order also apply to

defense witnesses. The Court therefore GRANTS defendant's motion and orders that the United States designate one case agent as its "representative" for the duration of defendant's trial and orders the sequestration of all other government witnesses from hearing others' testimony for the duration of defendant's trial. Pursuant to the government's request, the Court also orders the sequestration of all witnesses and potential witnesses that the defense plans to call at trial.

Defendant next requests a court order prohibiting the government's prosecutor and case agent from discussing the trial testimony of government witnesses with others who will be called as government witnesses at trial. "[Rule 615] . . . serves only to exclude witnesses from the courtroom." *United States v. Rhynes*, 218 F.3d 310, 316 (4th Cir. 2000). In *Rhynes*, the Fourth Circuit found that defense counsel's decision to discuss prior trial testimony of one witness with another did not run afoul of Rule 615. *Id.* at 320. The Fourth Circuit further noted that courts "must trust and rely on lawyers' abilities to discharge their ethical obligations . . . without being policed by overbroad sequestration orders." *Id.* As such, defendant's request for an order expressly prohibiting the prosecutor and case agent from revealing anything about the trial testimony of government witnesses to other witnesses is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion to sequester is GRANTED IN PART and DENIED IN PART and defendant's motions for notice of intent to use 404(b) evidence and for production of favorable and impeaching evidence are DENIED.

SO ORDERED, this __3__ day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE