IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-106-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| | ) |
| ZACKARY ROBERT LULL | ) |

This matter comes before the Court on defendant Zackary Lull's motion to suppress all evidence seized as a result of a search of his home on May 8, 2014, pursuant to an allegedly defective search warrant. [DE 29]. A hearing was held on the matter before the undersigned on November 20, 2014, in Raleigh, North Carolina. For the reasons discussed below, defendant's motion is DENIED.

## BACKGROUND

Mr. Lull is charged in a two-count indictment with possession with intent to distribute a quantity of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). These charges are supported by evidence seized from his residence at 581 Granite Falls Boulevard ("the Granite Falls house") on May 8, 2014. At the hearing on this matter, Deputy Sheriff Investigator Eddie Welch and Sergeant Richard Spivey from the Wake County Sheriff's Office ("WCSO") testified about the events leading up to the search as follows.

On May 8, 2014, a confidential informant ("the informant") employed by the Wake Forest Police Department informed the WCSO that defendant was selling narcotics from the Granite Falls house. The informant told law enforcement that he could purchase marijuana

and/or cocaine from defendant and had done so in the past. Law enforcement confirmed that the Granite Falls address corresponded to an actual residence and deduced through a record check that a woman named Denise Lull was the registered owner of the property.

Later that day, the informant made a recorded phone call to Mr. Lull, in which the informant arranged to purchase four grams of cocaine from defendant for $180 at the Granite Falls house. Prior to the buy, the informant was searched for contraband with negative results, given $240 in cash as funding, and equipped with both an audio-recording device and a live audio transmitter. An undercover officer drove the informant to the Granite Falls house. The informant entered the house alone and returned to the officer's car after approximately five minutes. The undercover officer saw the informant trying to conceal something while leaving the house. Subsequently, the informant turned over $40 and four baggies containing a total of approximately four grams of a white substance that later field-tested positive for cocaine. The informant confirmed that he purchased the cocaine for $180. Investigator Welch then took the informant into a room to inquire about the missing $20, at which point the informant denied any knowledge of the missing money. Officer Welch conducted a strip search of the informant and recovered the missing $20 from the informant's pants. The informant was arrested and charged with obtaining property by false pretenses and was immediately terminated from the WCSO's informant program.

That very night, Investigator Welch applied for a search warrant for the Granite Falls house. The warrant application listed the property to be seized as, *inter alia*, controlled substances including cocaine and marijuana. In pertinent part, Investigator Welch's affidavit supporting the application included the following facts: 1) that a confidential informant stated a male identified as Zach Lull was selling illegal drugs from his home, identified as the Granite

2

Falls house; 2) the informant had recently purchased illegal drugs from Zach Lull; 3) a controlled purchase between defendant and the informant was arranged via recorded phone call; and 4) a controlled purchase of approximately four grams of cocaine was completed at the Granite Falls house. It is undisputed that Investigator Welch's affidavit did not include that the informant attempted to steal $20 of the buy money, lied to the police about stealing said money, was charged with obtaining property by false pretenses as a result of his theft, or was terminated from the WCSO informant program as a result of this incident. Mr. Lull argues that this omission was intentional and material, thereby violating the Fourth Amendment, and correspondingly, the evidence obtained from the search of the Granite Falls house should be suppressed.

## DISCUSSION

The Court DENIES defendant's motion to suppress the evidence obtained pursuant to the execution of the search warrant at the Granite Falls house.

In *Franks v. Delaware*, 438 U.S. 154 (1978), the United States Supreme Court explained the circumstances under which the the Fourth Amendment requires suppression of the fruits of the execution of a search warrant. First, a defendant must establish by a preponderance of the evidence that the affidavit in support of the search warrant application contains a "deliberate falsehood or . . . reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. *Id.* at 171. If, with "the false material set to one side, the affidavit's remaining content is insufficient to establish probable cause," the search warrant is invalid and the fruits of the search must be suppressed. *Id.* The Fourth Circuit has extended this reasoning to material omissions from a search warrant application with a very similar test. *United States v. Tate*, 524, F.3d 449, 454–55 (4th Cir. 2008). To obtain suppression based on an omission, a defendant first must show that the affiant omitted facts from the application "with the intent to make, or in

3

reckless disregard of whether they thereby made, the affidavit misleading." *Id.* at 455 (internal quotation omitted). Second, a defendant must prove by a preponderance of the evidence that "the omitted material . . . when included would defeat a probable cause showing." *Id.*

Defendant argues that courts have uniformly held that when an affiant omits information about an informant committing a crime involving dishonesty or perjury, the omission is deemed intentional and reckless, but he cites no binding authority for this proposition. The Fourth Circuit has held that the district court cannot infer "intent or recklessness from the fact of omission itself." *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990). In *Colkley*, the Court held that the officer's failure to include in the affidavit the information at issue because "he did not believe it to be relevant . . . fell far short of the level of flagrant police action *Franks* is designed to prevent." *Id.* Here, Investigator Welch testified that he deliberately chose not to include the information at issue because, given that the controlled buy was completed prior to the theft, he believed the theft had no bearing on the purchase of narcotics from defendant's house. While Investigator Welch intentionally left information out of the warrant, the Court finds that his testimony and the evidence presented do not suggest that he either intended to mislead the magistrate or acted recklessly in omitting the theft. Like the officer in *Colkley*, Investigator Welch was, "at the <u>very</u> worst . . . merely negligent in disclosing all the relevant considerations to the magistrate," but his conduct did not rise to the level of intentionally misleading or recklessly disregarding whether the omission made the affidavit misleading. *Id.* (emphasis added). Because defendant cannot show the affiant possessed the requisite intent, the Court finds that suppression of the evidence obtained pursuant to the search warrant is not required.

Moreover, even if the Court held that Investigator Welch possessed the requisite intent, including the theft in the affidavit would not have defeated probable cause as required by *Franks*

4

Case 5:14-cr-00106-BO   Document 40   Filed 11/24/14   Page 4 of 5

and *Tate*. Defendant argues that the omission was material because the theft undermined the informant's credibility, upon which the entire investigation was predicated. The proper test for whether an affidavit with the omitted information included would support probable cause is the Supreme Court's "totality of the circumstances" test laid out in *Illinois v. Gates*, 462 U.S. 213 (1983). The relevant inquiry under that test is "whether there is a fair probability that contraband will be found in a particular place." *Id.* at 273. Here, it is undisputed that the informant went into the house at the Granite Falls house without any contraband and emerged with cocaine. Regardless of with whom the informant spoke in the house, from whom he obtained the cocaine, and what he subsequently did with the buy money, there was clearly a fair probability that contraband would be found within the Granite Falls house based on the undisputed fact that the informant obtained cocaine therein. Unlike the unbinding cases cited by defendant, here the informant's tip was corroborated by the fact that he did, in fact, obtain contraband in the location identified in the search warrant. The Court therefore finds, in the alternative, that defendant cannot demonstrate that the inclusion of the informant's theft in the search warrant application would have defeated probable cause, and suppression is therefore unwarranted.

## CONCLUSION

For the foregoing reasons, defendant's motion to suppress [DE 29] is DENIED.

SO ORDERED, this ___ day of November, 2014.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:14-cr-00106-BO   Document 40   Filed 11/24/14   Page 5 of 5